# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2013

Lyle W. Cayce
Clerk

No. 12-50479
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

VICTOR TREVINO ANAYA,

                              Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 7:11-CR-238-3

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Victor Anaya was convicted of conspiracy to distribute and possess with

intent to distribute hydrocodone, in violation of 21 U.S.C. §§ 841(a)(1) and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(b)(1)(E) and 846, and was sentenced to probation. He pleaded guilty of violating two special conditions of his release and appeals the thirty-six-month sentence he received after his probation was revoked.

A sentence imposed after the revocation of probation must not be "plainly unreasonable." *United States v. Kippers*, 685 F.3d 491, 496 (5th Cir. 2012). A sentence is not plainly unreasonable if the court committed no significant procedural error, such as failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to explain adequately the chosen sentence, including failing to explain a deviation from the sentencing guideline range. *Id.* at 497.

Anaya argues that the district court procedurally erred because it did not consider the § 3553(a) factors and gave inadequate and improper reasons for its sentence. He correctly concedes that because he objected only generally to the reasonableness of the sentence, review of the procedural reasonableness is for plain error. *See id.* Given that the district court articulated reasons for its sentence outside the guideline policy statement range, and those reasons addressed the § 3553(a) factors, Anaya fails to show that under plain-error review the sentence is not procedurally reasonable. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *Kippers*, 685 F.3d at 497-99.

Anaya disputes the substantive reasonableness of his sentence for the same reasons that it is procedurally unreasonable. He also argues that in light of his significant substance-abuse history, the district court should have provided more progressive sanctions, such as substance-abuse treatment, instead of a prison term.

Because Anaya was convicted of violating a condition of his probation, the court was authorized to sentence him to imprisonment. *See* § 3565(a)(2). This court considers the extent of the district court's deviation from a guideline statement range, but we defer to the district court's decision that the § 3553(a) factors, on the whole, justify the extent of the variance. *Kippers*, 685 F.3d at 500.

In light of the district court's previous leniency and the temporal nature of Anaya's violation of the conditions of his probation, the decision to revoke probation and sentence him to thirty-six months in prison was not an abuse of discretion. *See id.* at 499-501.

AFFIRMED.